IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MAYER BOTZ ENTERPRISES LLC,

     Plaintiff,

v.                                          No. 1:21-cv-992

CENTRAL MUTUAL INSURANCE
COMPANY, and ERIC TRAINER,

     Defendants.

**<u>NOTICE OF REMOVAL</u>**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Pursuant to 28 U.S.C. § 1441, Defendants Central Mutual Insurance Company ("Central") and Eric Trainer, by and through their undersigned counsel, jointly give notice of removal to this Court of the civil action filed in the Second Judicial District Court of Bernalillo County, New Mexico, bearing Cause Number D-202-CV-2021-05037, and hereby remove this action to the United States District Court for the District of New Mexico. In support of removal, Defendants state as follows:

**I.    STATEMENT OF THE CASE**

1.    This lawsuit arises from an insurance claim made by Mayer Botz Enterprises LLC ("Plaintiff") for insurance proceeds under insurance policy number 9919848 issued by Central Mutual Insurance Company to Mayer Botz Enterprises LLC, effective August 1, 2019, to August 1, 2020, subject to all terms, definitions, exclusions, and conditions therein and all endorsements attached thereto ("Policy"). Plaintiff's claim involves alleged hail damage to Plaintiff's property which purportedly occurred on August 27, 2019. Plaintiff made a claim for insurance proceeds to

Central on May 3, 2021, the claim was opened as claim number 1000369114 ("Claim"), and Defendant Eric Trainer was assigned as the adjuster for the Claim. The Claim was investigated and ultimately denied.

2.      Subsequently, Plaintiff filed its complaint alleging generally that Defendants improperly investigated the Claim, engaged in unfair claims practices, and wrongfully denied the Claim. *See* Ex. B ¶¶ 21–37 (Plaintiff's Original Complaint). Plaintiff brings causes of action against Central for breach of contract, breach of the duty of good faith and fair dealing, violations of the New Mexico Insurance Code, and violations of the New Mexico Unfair Practices Act, and seeks actual damages, enhanced statutory damages, court costs, statutory interest, exemplary damages, and attorney's fees. *Id*. ¶ 39.

## II.     PROCEDURAL BACKGROUND

3.      Plaintiff filed its Original Complaint in the Second Judicial District Court of Bernalillo County, New Mexico, and the case was docketed as Cause Number D-202-CV-2021-05037 ("State Court Action"). *See* Ex. A (State Court Docket Report).

4.      The Original Complaint in the State Court Action was served on the State of New Mexico Office of Superintendent of Insurance who accepted service on Central's behalf on September 13, 2021. Ex. E (Notice of Service). Eric Trainer was served by certified mail on September 17, 2021. Ex. D (Certificate of Service).

5.      This notice of removal is timely filed within the 30-day statutory time period for removal under 28 U.S.C. § 1446(b)(1), being filed within 30 days of the date when Defendants were served with the state-court complaint.

6.      Pursuant to 28 U.S.C. § 1446(b)(2)(A), all defendants who have been properly joined and served have joined this notice and consent to the removal of this action.

### III.   THE REQUIREMENTS FOR REMOVAL UNDER § 1332 ARE SATISFIED

7.     This Court has original diversity jurisdiction over this civil action according to 28 U.S.C. § 1332, and this action may be removed by Defendants pursuant to 28 U.S.C. § 1441(b), as it is a civil action between citizens of different states, and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

### A.     Complete Diversity of Citizenship Exists Between the Parties

8.     **Plaintiff is a citizen of New Mexico and Colorado**. Plaintiff avers in its Original Complaint that it is a limited liability company duly formed and operating in New Mexico. Ex. B ¶ 1. Limited liability companies are unincorporated associations and there is no statutory rule governing the citizenship of an unincorporated association; the citizenship of these entities is determined by the citizenship of each of its members. *See Siloam Springs Hotel, L.L.C. v. Century Sur. Co*., 781 F.3d 1233, 1236 (10th Cir. 2015). The state of formation and principal place of business are irrelevant in determining the citizenship of an unincorporated association.

9.     The members of Mayer Botz Enterprises LLC were a citizen of the State of New Mexico and a citizen of the State of Colorado when this suit commenced. "Where there is no change of party, a jurisdiction depending on the condition of the party is governed by that condition, as it was at the commencement of the suit." *Anderson v. Watt*, 138 U.S. 694 (1891) (*citing* C.J. Marshall for the majority in *Conolly v. Taylor*, 27 U.S. 556, 565 (1829)). The "time-of-filing rule" as generally applied holds that for the purposes of determining the existence of diversity jurisdiction, the citizenship of the parties is to be determined with reference to the facts as they existed at the time of filing. *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567 (2004). Thus, post-filing events pertaining to the membership of an entity should not divest a

federal court of diversity jurisdiction, when the parties were completely diverse at the time a suit was filed.

10.    As applied to this case, at the time of filing, Mayer Botz Enterprises LLC's only members were Kevin Mayer (CEO) and Jeffrey Botz (Director).[1] Because Kevin Mayer and Jeffrey Botz are natural persons, their citizenship must be assessed independently. A natural person is a citizen of the state in which he or she is domiciled for the purposes of determining diversity jurisdiction. *See Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983). For purposes of diversity jurisdiction under 28 U.S.C. § 1332(a)(1), state citizenship is the equivalent of domicile. *Id.* Thus, to be a citizen of a state under the diversity provisions of 28 U.S.C. § 1332, a natural person must be both (1) a citizen of the United States, and (2) domiciled within that state. *See Anderson v. Watt*, 138 U.S. 694, 702, 707-08 (1891); *Mollan v. Torrance*, 22 U.S. (9 Wheat) 537, 539 (1824).

11.    Domicile requires the concurrence of physical presence in a state and the intent to remain in that state. *See Sun Printing & Pub'g Ass'n v. Edwards*, 194 U.S. 377, 382 (1904). "A 'floating intention' to return to a former domicile does not prevent the acquisition of a new domicile." *Crowley*, 710 F.2d at 678. Although a determination of domicile may be a mixed question of fact and law, such determination on appeal should not be set aside unless clearly erroneous. *Id.*

12.    Here, based upon the information and belief of Defendants, Kevin Mayer is a resident of New Mexico, and Defendants are not aware of any attempts by Kevin Mayer to take up residency elsewhere. Further, upon information and belief, Jeffrey Botz is a resident of Colorado, and Defendants are not aware of any attempts by Jeffrey Botz to take up residency

---

[1] Mayer Botz Enterprises, LLC, Business Identification No. 2159531, Formation Date April 2, 2001, Domestic Limited Liability Company, New Mexico Secretary of State, Corporations and Business Services, *available at* https://portal.sos.state.nm.us/BFS/online/corporationbusinesssearch/CorporationBusinessInformation.

elsewhere. As such, Kevin Mayer is a domiciliary of the State of New Mexico and Jeffrey Botz is a domiciliary of the State of Colorado.

13.     Mayer Botz Enterprises LLC being an unincorporated association, it shares the citizenship of all its members. *See Siloam Springs*., 781 F.3d at 1236. With the members of Mayer Botz Enterprises LLC being citizens of the State of New Mexico and the State of Colorado at the time of filing, Mayer Botz Enterprises LLC is a citizen of the State of New Mexico and the State of Colorado for the purposes of diversity jurisdiction.

14.     **Central is not a citizen of New Mexico or Colorado**. Defendant Central Mutual Insurance Company is a foreign corporation organized under the laws of the State of Ohio, and it maintains its principal place of business in the State of Ohio.

15.     For the purposes of establishing diversity, an incorporated entity is considered a citizen of the state of incorporation and a citizen of the state in which it maintains its principal place of business. *See Hertz Corp. v. Friend*, 559 U.S. 77 (2010). Therefore, Central is a citizen of the State of Ohio for the purposes of establishing citizenship under 28 U.S.C. § 1332(c).

16.     **Eric Trainer is not a citizen of New Mexico or Colorado**. In its Original Complaint, Plaintiff avers that Defendant Eric Trainer may be served with process within the State of Texas. Ex. B ¶ 3. Indeed, Eric Trainer resides in the State of Texas and intends to remain within the State of Texas. As stated above, Eric Trainer is a domiciliary of the State of Texas; therefore, Eric Trainer is a citizen of the State of Texas for the purposes of diversity jurisdiction. *Crowley*, 710 F.2d at 678.

17.     Thus, complete diversity of citizenship exists among the parties in this action, as Plaintiff is a citizen of New Mexico and Colorado, and the Defendants are citizens of Ohio and Texas.

**B.      The Amount in Controversy Requirement is Satisfied**

18.      The party seeking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332. Plaintiff asserts that Defendants are liable for actual damages, exemplary damages, statutory enhanced interest, and attorney's fees. Ex. B ¶ 39. Plaintiff alleges in its Original Complaint that it incurred covered damages totaling $260,417.77, exclusive of Plaintiff's claim for enhanced statutory interest, attorney's fees, and exemplary damages. *Id.* ¶ 11. Further, Plaintiff has certified in the filing of his Court-Annexed Arbitration Certification under Local Rule 2-603 that "Plaintiff pleads actual damages of at least $260,417.77" and also seeks exemplary damages, statutory penalties, and attorney's fees. Ex. C (Plaintiff's Arbitration Certification).

19.      A defendant need only include in the notice of removal a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 571 U.S. 81 (2014). A complaint presents a combination of facts and theories of recovery that may support a claim in excess of $75,000 can support removal. *McPhail v. Deere Co.*, 529 F.3d 947, 955 (10th Cir. 2008).

20      The amount-in-controversy requirement here is satisfied by the combination of claims made by Plaintiff, its own certification, and the damages prayed for in the Original Complaint. Therefore, this Court has subject matter jurisdiction under 28 U.S.C. § 1332 because the parties are diverse and the amount in controversy exceeds $75,000.00, and this removal is proper.

**III.      THE OTHER PROCEDURAL REQUISITES FOR REMOVAL ARE SATISFIED**

21.      Defendants have complied with 28 U.S.C. §§ 1446(a) and 1446(d). Pursuant to Local Rule 81.1, Defendants have filed the records and proceedings from the State Court Action

within 30 days, because all such records and proceedings are collectively attached to this notice of removal as Exhibits A through D. Pursuant to 28 U.S.C. § 1446(d), a notice of filing of removal, with a copy of the removal attached, will be filed with the clerk of the Second Judicial District Court for Bernalillo County, New Mexico, Cause Number D-202-CV-2021-05037, and Defendants will serve a copy of this notice of removal on Plaintiff's attorney immediately after this notice is filed.

## IV. CONCLUSION

22.    In removing this case to the Federal District Court for the District of New Mexico, Defendants have not waived any objections they may have to service, jurisdiction, or venue, or any other defenses or objections to this action. Defendants intend no admission of fact, law, or liability by this notice and reserve all defenses, motions, and pleas. Defendants pray that this action be removed to this Court for determination; that all further proceedings in the State Court Action be stayed; and that Defendants obtain all additional relief to which they are entitled.

Dated 12th day of October, 2021.

Respectfully submitted,

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By___/s/ *Charles K. Purcell*_____
     Charles K. Purcell
Post Office Box 1888
Albuquerque, New Mexico 87103
Telephone:  (505) 765-5900
kpurcell@rodey.com

*and*

MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.
   Melinda R. Burke (Texas State Bar No. 03403030)
   Daniel P. Pellegrin, Jr. (Texas State Bar No. 24100387)
9111 Cypress Waters Blvd., Suite 250
Dallas, Texas 75019
Telephone: (214) 420-5500
Facsimile: (214) 420-5501
burke@mdjwlaw.com
pellegrin@mdjwlaw.com

**Attorneys For Defendants Central Mutual Insurance Company and Eric Trainer**

We hereby certify that by means of the CM/ECF system, we have filed the foregoing and served it on

   M. Mitchell Moss
   5845 Cromo Dr., Ste. 2
   El Paso, Tex. 79912
   mitch@mosslegalsolutions.com

this 12th day of October, 2021.

/s/ *Charles K. Purcell*
Charles K. Purcell