IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MAYER BOTZ ENTERPRISES LLC,

   Plaintiff,

v.                                                                                                    1:21-cv-00992-MIS-LF

CENTRAL MUTUAL INSURANCE
COMPANY and ERIC TRAINER,

   Defendant.

**<u>ORDER DENYING MOTION TO COMPEL WITHOUT PRJUDICE</u>**

THIS MATTER, comes before the Court on Plaintiff's Motion to Compel Defendant's Complete Responses to Plaintiff's Second Set of Interrogatories and Second Set of Requests for Production, filed October 27, 2022, which was fully briefed on November 17, 2022.  Docs. 49, 53, 56.  Plaintiff's motion fails to comply with the Federal Rules of Civil Procedure as well as this district's local rules, and the Court DENIES it without prejudice.

Federal Rule of Civil Procedure 37 requires that a motion to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure in discovery in an effort to obtain it without court action."  FED. R. CIV. P. 37(a)(1).  The duty to confer in good faith requires more than just sending a letter.  Before filing a motion, counsel are required to "converse, confer, compare views, consult and deliberate."  *Cotracom Commodity Trading Co. v. Seaboard Corp*., 189 F.R.D. 456, 459 (D. Kan. 1999) (internal quotation and citation omitted).

> When the dispute involves objections to requested discovery, parties do not satisfy the conference requirements simply by requesting or demanding compliance with the requests for discovery. The parties need to address and

discuss the propriety of asserted objections. They must deliberate, confer, converse, compare views, or consult with a view to resolve the dispute without judicial intervention. They must make genuine efforts to resolve the dispute by determining precisely what the requesting party is actually seeking; what responsive documents or information the discovering party is reasonably capable of producing; and what specific, genuine objections or other issues, if any, cannot be resolved without judicial intervention.

*Id*.  The Court made this clear in its Initial Scheduling Order:

> The Court will not entertain any motion to resolve a discovery dispute pursuant to FED. R. CIV. P. 26 through 37, or a motion to quash or modify a subpoena pursuant to FED. R. CIV. P. 45(c), unless the attorney for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to filing the motion. Every certification required by FED. R. CIV. P. 26(c) and 37 and this rule related to the efforts of the parties to resolve discovery or disclosure disputes must describe with particularity the steps taken by all attorneys to resolve the issues in dispute. A "reasonable effort to confer" means more than mailing or faxing a letter to the opposing party. It requires that the parties in good faith converse, confer, compare views, consult, and deliberate, or in good faith attempt to do so. Absent exceptional circumstances, parties should converse in person or telephonically.

Doc. 10 at 2 n.1.

Further, this district's local rules requires that the "[m]ovant must determine whether a motion is opposed, and a motion that omits recitation of a good-faith request for concurrence may be summarily denied." D.N.M.LR-Civ. 7.1(a).

Here, plaintiff failed to make even a minimal attempt to confer in good faith before seeking the assistance of the Court. Plaintiff certifies that "[a]fter diligent efforts, the parties have been unable to confer regarding this dispute. Therefore, the undersigned counsel assumes this Motion is opposed." Doc. 49 at 8. Plaintiff's counsel does not explain what "diligent efforts" prevented the parties from being able to confer regarding the discovery disputes. Defendant asserts that "[p]laintiff made no effort to correspond with Central's counsel regarding its discovery responses." Doc. 53 at 9. In its reply, plaintiff does not dispute this assertion or provide any explanation as to why counsel failed to make any effort to confer regarding

defendant's discovery responses.  *See generally* Doc. 56.  Further, despite plaintiff's "Certificate of Conference," plaintiff's motion omits a recitation of a good-faith request for concurrence.  *See* D.N.M.LR-Civ. 7.1(a).

Plaintiff's counsel's failure to make any effort to confer with defendant's counsel regarding defendant's discovery responses is a violation of the Federal Rules.  Counsel's failure to make a good-faith request for concurrence is in violation of this district's local rules.  The Court therefore will deny plaintiff's motion without prejudice.

Plaintiff may refile its motion to compel; however, before refiling a renewed motion, the parties are required to meet and confer.  Any renewed motion must include a recitation of the efforts that were taken to confer and resolve the disputes.  The meet and confer must not be a simple exchange of letters or emails, but must involve a telephone call, a meeting in person, or a video conference in which the parties make a good-faith effort to resolve each discovery dispute.

In conducting their meet and confer, the parties are reminded that Federal Rule of Civil Procedure 33 provides that "interrogatories must be answered (A) by the party to whom they are directed; or (B) if that party is a public or private corporation, a partnership, an association, or a governmental agency, by any officer or agent, who must furnish the information available to the party." FED. R. CIV. P. 33(b)(1).  Additionally, "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." FED. R. CIV. P. 33(b)(3).  A party objecting to an interrogatory must specify its grounds for the objection. FED. R. CIV. P. 33(b)(4); *e.g.*, *Doe v. Nat'l Hemophilia Found.*, 194 F.R.D. 516, 520 (D. Md. 2000).  The "[m]ere recitation of [the] familiar litany that [an] interrogatory is overly broad, burdensome, oppressive, and irrelevant does not suffice as [a] specific objection." *Miller v. Pruneda* ("*Pruneda*"), 236 F.R.D. 277, 281 (N.D. W. Va. 2004) (quotation omitted).  Any objection not

raised or not raised with specificity is waived. *Id.* An incomplete or evasive answer is not considered an answer, but rather a failure to answer. *Villareal v. El Chile, Inc.*, 266 F.R.D. 207, 212 (N.D. Ill. 2010) (citing FED. R. CIV. P. 37(a)(4)).

Under Rule 34, a party must either produce documents responsive to a request for production ("RFP") or "state with specificity the grounds for objecting to the request, including the reasons," and "state whether any responsive materials are being withheld on the basis of that objection." FED. R. CIV. P. 34(b)(2). As with interrogatories, general boilerplate objections to a request for production are insufficient and should be overruled. *See Convertino v. U.S. Dep't of Justice*, 565 F. Supp. 2d 10, 12–13 (D.D.C. 2008). Additionally, the party asserting a privilege or protection under the work-product doctrine has the burden of establishing that the privilege or protection exists, *see Peat, Marwick, Mitchell & Co. v. West*, 748 F.2d 540, 542 (10th Cir. 1984), and generally must produce a privilege log, *see White v. Graceland Coll. Ctr. for Prof'l Dev. & Lifelong Learning, Inc.*, 586 F. Supp. 2d 1250, 1265 (D. Kan. 2008) (citing FED. R. CIV. P. 26(b)(5)(A)); *see also DIRECTV, Inc. v. Puccinelli*, 224 F.R.D. 677, 681 (D. Kan. 2004) ("[I]t is well settled that when a party withholds documents or other information based on a privilege or work product immunity, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.") (internal quotations and citation omitted). Failure to provide a privilege log may result in waiving the privilege or protection. *White,* 586 F. Supp. 2d at 1265. Finding waiver is reserved for rare cases where a party has submitted an untimely privilege log, prepared after the court was asked to rule on the issues, and after entry of an order directing production of documents. *Id.* at 1267.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Compel Defendant's Complete Responses to Plaintiff's Second Set of Interrogatories and Second Set of Requests for Production (Doc. 49) is DENIED without prejudice. Plaintiff may refile a renewed motion to compel but must do so no later than **January 26, 2023**. If the renewed motion does not fully comply with the Rules of Civil Procedure, this district's local rules, or the instructions in this order, the Court will summarily deny it.

IT IS FURTHER ORDERED that the Motion Hearing set for January 11, 2023, at 10:00 AM Remote via Zoom is VACATED.

_____
Laura Fashing
United States Magistrate Judge